T.C. Memo. 2000-84

UNITED STATES TAX COURT

MATTHEW W. NORWOOD & LINDA D. KRAMER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1332-99.                    Filed March 13, 2000.

Matthew W. Norwood, pro se.

<u>Michael S. Hensley</u> and <u>Yvonne M. Peters</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax in the amount of
$7,606 for the taxable year 1995.  Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the year in issue.

After a concession by petitioners, the only issue which this Court must decide is whether petitioners are liable for self-employment tax under section 1401 on a distribution received from a partnership.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Coronado, California, at the time they filed their petition.

In 1995, petitioners both worked in sales. Matthew Norwood (petitioner) sold yachts. Linda Kramer was employed by Lasorda Staff Leasing, LLC and by Designed Administrative Resources Tech. During 1995, petitioner was also a general partner of Gallant Medical Supply (Gallant), a partnership. Petitioner's percentage of profit and loss sharing for Gallant was 50.95 percent. Additionally, petitioner owned 50.95 percent of the capital of Gallant.

Petitioner started Gallant a number of years ago. He had worked at Gallant full time, but when the staff could operate the business without him, petitioner stopped working there. During 1995, petitioner spent approximately 41 hours on partnership matters. He conducted periodic walkthroughs of Gallant and was consulted on major decisions of the firm. In 1995, petitioner received $71,194 as his distributive share of Gallant's income. Petitioners correctly included the $71,194 distribution as taxable income on Schedule E, Supplemental Income and Loss, of

their 1995 Federal tax return. Petitioners did not report or pay any self-employment tax on this amount.

In pertinent part, respondent determined that petitioner was subject to self-employment tax of $7,928, which, after the deduction for one-half of the self-employment tax under section 164(f), resulted in a net adjustment of $3,964.

Section 1401 imposes a tax upon a taxpayer's self-employment income. Self-employment income includes the "net earnings from self-employment" derived by an individual during the taxable year. Sec. 1402(b). Section 1402(a) provides, subject to exceptions, that "net earnings from self-employment" includes a partner's distributive share of partnership trade or business income. One of the exceptions to the general rule provides that a limited partner's share of partnership income is not subject to self-employment tax. Sec. 1402(a)(13). Neither party contends that any of the other exceptions would be relevant in this case.

Petitioners argue that petitioner's interest in Gallant is passive, and, therefore, any distributions from the partnership should not be subject to self-employment tax. Respondent contends that the distribution from Gallant is subject to self-employment tax regardless of whether petitioner's involvement is passive or active, because petitioner is a general partner.

We agree with respondent. It is undisputed that petitioner's interest in Gallant was a general partnership

interest.  Accordingly, his distributive share of the partnership's trade or business income is, subject to the limitations of section 1402(b), subject to the taxes imposed by section 1401 on self-employment income.  Cokes v. Commissioner, 91 T.C. 222, 229-230 (1988); Anderson v. Commissioner, T.C. Memo. 1992-130.  That petitioner spent a minimal amount of time engaged in the operations of Gallant is irrelevant to this determination. Cokes v. Commissioner, supra at 233; Anderson v. Commissioner, supra.  The passive activity rules under section 469 have no application in this case.  Petitioner's lack of participation in or control over the operations of Gallant does not turn his general partnership interest into a limited partnership interest. A limited partnership must be created in the form prescribed by State law.  Perry v. Commissioner, T.C. Memo. 1994-215; Johnson v. Commissioner, T.C. Memo. 1990-461.

Accordingly, we find for respondent on this issue.

Decision will be entered

for respondent.